This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-42170**

**STATE OF NEW MEXICO,**

Plaintiff-Appellant,

v.

**MAURICE S. PORTER,**

Defendant-Appellee.

**APPEAL FROM THE METROPOLITAN COURT OF BERNALILLO COUNTY**
**Jill M. Martinez, Metropolitan Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM
Taylor V. Bui, Assistant Solicitor General
Albuquerque, NM

for Appellant

Bennett J. Baur, Chief Public Defender
Santa Fe, NM

for Appellee

## MEMORANDUM OPINION

**HANISEE, Judge.**

**{1}**     The State appeals from the metropolitan court's dismissal of the charge of driving while under the influence (DWI) charge after the metropolitan court granted Defendant's motion to suppress evidence, finding the arresting officer lacked reasonable suspicion to expand the scope of a traffic stop into a DWI investigation. This Court issued a calendar notice proposing to affirm. The State filed a memorandum in opposition, which we have duly considered. Unpersuaded, we affirm.

**{2}** The State continues to maintain that the officer had reasonable suspicion to expand the scope of the traffic stop because Defendant was speeding and the generalized smell of alcohol emanating from the car. [MIO 4-7] The State additionally reasserts that the metropolitan court's ruling "would require an investigating officer to go through the litany of 'indicia of intoxication' to establish reasonable suspicion that a DWI had occurred." [MIO 5]

**{3}** Our notice of proposed disposition proposed to conclude that the arresting officer lacked reasonable suspicion. The officer testified that, although Defendant was speeding, there was no other bad driving, the officer could not tell if the smell of alcohol emanated from Defendant, Defendant did not otherwise appear intoxicated, and Defendant's passengers explained that they were the cause of the smell of alcohol. [CN 2] We therefore proposed to affirm because "the generalized smell of alcohol is insufficient to support reasonable suspicion of DWI when there is no other indication that the driver consumed alcohol." [CN 2-3]

**{4}** The State does not now direct this Court to any new fact, law, or argument that persuades us that our notice of proposed disposition was incorrect. [MIO 7-8] *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."); *see also State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that "[a] party responding to a summary calendar notice must come forward and specifically point out errors of law and fact," and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374. Further, what the State describes as a "litany of indicia of intoxication" is rather a nonexhaustive list of other, specific articulable facts that would support reasonable suspicion in conjunction with the generalized smell of alcohol. [CN 3] *See State v. Hubble*, 2009-NMSC-014, ¶ 8, 146 N.M. 70, 206 P.3d 579 ("We will find reasonable suspicion if the officer is aware of specific articulable facts, together with rational inferences from those facts, that, when judged objectively, would lead a reasonable person to believe criminal activity occurred or was occurring." (Text only) (citation omitted)). We therefore remain unpersuaded that there was reasonable suspicion to expand the scope of the traffic stop into a DWI investigation.

**{5}** For the reasons stated in our notice of proposed disposition and herein, we affirm.

**{6} IT IS SO ORDERED.**

**J. MILES HANISEE, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Chief Judge**

**GERALD E. BACA, Judge**